<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | **Criminal Action No. 25-158 (SRC)** |
| v. | : | |
| | : | |
| DAVID REAMS. | : | **OPINION & ORDER** |
| | : | |
| | : | |

**<u>CHESLER</u>**, District Judge

This matter comes before the Court on Defendant David Reams' ("Defendant" or "Reams") motion to suppress, (Dkt. No. 19 (the "Motion")). Reams is charged in a three-count Indictment with Possession of a Firearm and Ammunition by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1), Possession with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Dkt. No. 15.) In the Motion, Defendant moves to suppress evidence of the firearm, ammunition, and narcotics obtained from Defendant's person on May 6, 2024. The United States of America (the "Government") opposed the Motion and also raised an argument that Defendant is not entitled to a hearing on the Motion. (Dkt. No. 20.)

As to the merits of the Motion, the Court will reserve decision pending an evidentiary hearing. Upon review of Defendant's Motion, the Government's opposition, and the exhibits attached thereto, including both video files counsel provided to the Court, the Court has determined that an evidentiary hearing is required to resolve contested issues of material fact as to the existence of reasonable suspicion for the investigatory <u>Terry</u> stop in which some of the evidence at issue was discovered.

Under Federal Rule of Criminal Procedure 12(c)(1), the Court "may also schedule a motion hearing" on pretrial motions. In the Third Circuit, a motion to suppress will require "an evidentiary hearing only if the motion is sufficiently specific, non-conjectural, and detailed to enable the court to conclude that (1) the defendant has presented a colorable constitutional claim, and (2) there are disputed issues of material fact that will affect the outcome of the motion to suppress." United States v. Hines, 628 F.3d 101, 105 (3d Cir. 2010). Even though Defendant did not specifically request that the Court hold an evidentiary hearing in the Motion, the Court finds that the Motion meets both of these requirements.

Defendant alleges sufficient facts that call into question the observations that Paterson Police Detective Mustafa Dombayci ("Detective Dombayci") claims to have made as to Defendant's activities on May 6, 2024, prior to the stop, search, and arrest. Specifically, Detective Dombayci claimed in his report that he saw Defendant "maneuver an object in his waistband" and that Detective Dombayci "believed this object in his waistband to be a white and gray tinted firearm magazine." (Dkt. No. 19 at 2.) Detective Dombayci also indicated in his report that he observed Defendant doing additional "security checks" to his waistband area, which he notes "that from my training and experience, a security check is a subconscious movement conducted by armed individuals to ensure that an object, specifically a firearm, is still in the area where they placed it." (Dkt. No. 19-3 at 4.)

Defendant states that "[n]o firearm is visible in the CCTV footage." (Dkt. No. 19 at 4.) The Court, however, reviewed the CCTV footage of Detective Dombayci's surveillance and has observed an item in the video footage that appears to be the object Detective Dombayci claims he observed.[1] Nevertheless, the propriety of a Terry search is evaluated by the totality of the

---

[1] The Court also notes that while Defendant asserts that the body worn camera audio from Defendant's arrest does not support the contention that another detective on the scene yelled

circumstances.  See United States v. Brown, 448 F.3d 239, 247 (3d Cir. 2006) (quoting United States v. Cortez, 449 U.S. 411, 417 (1981)).  Here, there are enough disputed facts alleged in Defendant's Motion for the Court to conclude that Defendant presents a colorable claim that warrants the Court's exploration during a hearing into Detective Dombayci's reasoning for his "belief" that the object in the CCTV footage was a firearm magazine and for his opinion that Defendant's repeated reaches to his waistband constitute unconscious security checks of a firearm.  Therefore, the Court will order an evidentiary hearing on the Motion.

*   *   *

For these reasons,

**IT IS** on this 29th day of May, 2025

**ORDERED** that an evidentiary hearing on Defendant's Motion to Suppress, (Dkt. No. 19), will take place before the undersigned on **June 9, 2025 at 11 A.M.**

> _s/ Stanley R. Chesler_
> STANLEY R. CHESLER, U.S.D.J.

---

"GUN GUN GUN" during Defendant's pat down, (Dkt. No. 19 at 3), the Court independently reviewed the body worn camera footage and concludes that the words, "GUN GUN GUN" can be heard on the recording.