<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | **Criminal Action No. 25-158 (SRC)** |
| v. | : | |
| DAVID REAMS. | : | **OPINION & ORDER** |

<u>CHESLER</u>, District Judge

This matter comes before the Court on Defendant David Reams's ("Defendant" or "Reams") post-trial motions, (Dkt. No. 60, the "Motions"). In the Motions, Defendant moves for: (1) a judgment of acquittal as to Count Three of the indictment against him under Federal Rule of Criminal Procedure 29; and (2) a new trial under Federal Rule of Criminal Procedure 33. The United States of America (the "Government") filed a brief in opposition to the Motion. (Dkt. No. 61, "Opp."). For the reasons set forth below, the Court will **DENY** Defendant's Motions.

## I.    BACKGROUND

The Court provides a brief overview of the facts of giving rise to this case and the Motions. Defendant was arrested on May 6, 2024 by detectives with the Paterson Police Department (the "PPD"). That evening, Detective Dombayci of the PPD spotted Defendant on CCTV footage he was monitoring and observed Defendant possessing what he believed to be a firearm. He informed other PPD detectives who were patrolling the streets of Paterson that night of his belief and those detectives, including Detectives Kenneth Kerwin and Luis Roca (who testified at trial), decided to approach Defendant to conduct an investigatory stop. As the officers approached Defendant, he tried to escape, a struggle ensued, and the detectives were ultimately able to detain him. During

the arrest, the detectives discovered a firearm, an extended magazine, rounds of ammunition, and controlled substances.    Following the arrest, Defendant made several statements to law enforcement, later used by the Government at trial, which indicated that he had the firearm for personal protection.

Defendant was indicted on March 18, 2025 for: (1) Possession of a Firearm and Ammunition by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1); (2) Possession with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); and (3) Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).  (Dkt. No. 15).

Defendant was tried before this Court in January of 2026.  At trial, the Government introduced testimony and evidence from six witnesses.  The evidence largely consisted of CCTV footage and PPD body-worn camera footage, as well as proof of the drugs and guns recovered from Defendant's person at the scene of his arrest.  Defendant did not testify, nor did he call any witnesses or introduce any evidence.  After the two-day trial, the jury convicted Defendant of all three charges brought in the underlying indictment.  (Dkt. Nos. 47, 51).

Defendant now renews his motion for a judgment of acquittal on Count Three pursuant to Federal Rule of Criminal Procedure 29.[1]  Defendant also moves for a new trial under Federal Rule of Criminal Procedure 33.

---

[1] Defendant initially moved for a judgment of acquittal at the close of trial, before the jury began its deliberations.  The Government responded and the Court denied that motion from the bench. (Tr. at 193-195).

## II.    DISCUSSION

### A. *The Rule 29 Motion for Judgment of Acquittal*

A Rule 29 motion requires a court to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Voigt, 89 F.3d 1050, 1080 (3d Cir. 1996) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). In weighing the evidence presented, the court must "review the record in the light most favorable to the prosecution," resolving all credibility determinations in the government's favor. United States v. Wolfe, 245 F.3d 257, 261 (3d Cir. 2001). In reviewing a motion for acquittal, the court "must be ever vigilant . . . not to usurp the role of the jury by weighing credibility and assigning weight to the evidence, or by substituting its judgment for that of the jury." United States v. Flores, 454 F.3d 149, 154 (3d Cir. 2006). Further, the court is required to "draw all reasonable inferences in favor of the jury's verdict." United States v. Smith, 294 F.3d 473, 476 (3d Cir. 2002) (quoting United States v. Anderskow, 88 F.3d 245, 251 (3d Cir.1996). Under Rule 29, a defendant who asserts that there was insufficient evidence to sustain a conviction shoulders "a very heavy burden," United States v. Anderson, 108 F.3d 478, 481 (3d Cir. 1997) (quoting United States v. Coyle, 63 F.3d 1239, 1243 (3d Cir. 1995)), and ultimately, a reversal of the jury's verdict for insufficient evidence should "be confined to cases where the prosecution's failure is clear." United States v. Leon, 739 F.2d 885, 891 (3d Cir. 1984).

The only count of conviction Defendant challenges under Rule 29 is Count Three: Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). Defendant contends that the Government failed to present sufficient evidence to establish beyond a reasonable doubt that he possessed the recovered handgun and ammunition in furtherance of a drug trafficking crime, and accordingly, that no reasonable trier of fact could have

-3-

found him guilty.  (Mot. at 9).  Defendant concedes that, "the Government produced sufficient evidence to prove Reams had a Glock handgun and ammunition in his possession and also that he had narcotics packaged for sale in his possession," but simply disputes whether the Government sufficiently connected the gun and the drugs to prove Count Three.  (Id.).

In his argument, Defendant raises several pieces of evidence that might contradict the finding of guilt on this Count.  For example, he notes that, "[the FBI Special Agent] was clear that just because someone possessed narcotics and a firearm, on their person, while on a corner, does not mean that possession had any relationship to the drugs."  (Id.).  Defendant also points to the lack of Government evidence proving that he had recently or was imminently going to complete a drug sale.  (Id.).  But the primary problem with Defendant's argument is that it essentially asks the Court to impermissibly "usurp the role of the jury by weighing credibility and assigning weight to the evidence, or by substituting its judgment for that of the jury."  Flores, 454 F.3d at 154.  Instead, the Court merely assesses the record to determine whether "any rational trier of fact could have found the essential elements" of Count Three in this case.  Voigt, 89 F.3d at 1080.

There is ample evidence of record which supports the jury's finding of guilt beyond a reasonable doubt regarding Defendant's possession of a firearm in furtherance of a drug trafficking crime.  In its final instructions, this Court gave the jury a non-exhaustive and non-exclusive list of factors to consider in coming to a verdict on Count Three.  These included but were not limited to: the type of criminal activity being conducted, the accessibility of the firearm, the type of firearm, whether the firearm was loaded, and the proximity of the firearm to the drugs.  (Tr. at 282-284).  At trial, the Government adduced evidence bearing on each of these considerations. First, The Government showed and Defendant did not dispute, that Defendant had over 450 individual doses of drugs in his possession.  (See Tr. 42-44, 134-135, 184-187).  Second, the Government's evidence

-4-

showed that the firearm was kept in Defendant's waistband, which made for especially easy access. (See Tr. at 72, 99, 139). Third, Government witness FBI Special Agent Frederick testified that the Glock 9-mllimeter handgun which the police recovered is a typical firearm for drug dealers because of its small size and easy concealability. (See Tr. at 139). Fourth, the firearm was loaded with an extended magazine filled with 30 rounds of ammunition—and those 30 rounds were admitted into evidence. (See Tr. at 68-69, 108; Gov. Ex. 2). Fifth, the firearm and the drugs were in extremely close proximity, both being recovered from Defendant's pants. (See Tr. at 72, 75, 88; Gov. Ex. 202.1). Finally, while not one of the factors instructed on by the Court, the jury may have considered the repeated statements by Defendant that he kept a gun to "protect [himself]." (Gov. Exs. 203.5, 203.6). The jury may have reasonably inferred from that statement that, given the circumstances, Defendant needed to protect himself from individuals trying to steal his contraband. In short, the Government offered more than sufficient evidence to support the jury's verdict of guilty beyond a reasonable doubt on Count Three.

### B. *The Rule 33 Motion for a New Trial*

Federal Rule of Criminal Procedure 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." The authority to grant a new trial pursuant to Rule 33 is limited to those cases where the Court "believes that there is a serious danger that a miscarriage of justice has occurred—that is, that an innocent person has been convicted." United States v. Johnson, 302 F.3d 139, 150 (3d Cir.2002) (citations and quotations omitted). "Unlike an insufficiency of the evidence claim, when a district court evaluates a Rule 33 motion it does not view the evidence favorably to the Government, but instead exercises its own judgment in assessing the Government's case." Id.

Defendant argues that he should be afforded a new trial for two reasons, both of which were already the subject of prior motions by Defendant.  First, Defendant argues, this court erred in allowing Detective Dombayci to testify as to his opinion that the CCTV footage showed Defendant carrying a firearm. Second, this court erred in allowing Defendant's statements to police, which were made without Miranda warnings, into evidence at trial.

In short, Defendant's Rule 33 motion does little more than re-argue his pre-trial motions on these issues.  Regarding the opinion testimony of Detective Dombayci, Defendant admits "[t]his matter was fully argued and subject to a limiting instruction, but the defense maintains its position that the testimony should not have been permitted. The Defense will rely upon its previous arguments on this issue." (Mot. at 11).  Importantly, as Defendant notes, this testimony was subject to a limiting instruction and, as Defendant concedes, there was sufficient evidence to support the conviction for the unlawful possession of a firearm, so the Court fails to understand how Defendant could reasonably argue that, even if the court erred in this specific decision, such error could lead the Court to believe a "serious miscarriage of justice has occurred."  Johnson, 302 F.3d at 150 (3d Cir. 2002).  As to the Miranda issue, Defendant recognizes that this was already resolved by the Court when he states, "[t]he Court found these statements were not the product of police questioning or interrogation and were beyond the scope of Miranda." (Id.).

Unfortunately for Defendant, "Rule 33 is not to be used to re-litigate pretrial motions or discovery disputes." United States v. Tull, 2018 WL 3019884, at *5 n. 13 (D.N.J. June 18, 2018), aff'd sub nom. United States v. Ellison, 804 F. App'x 153 (3d Cir. 2020); see also United States v. Flom, 256 F. Supp. 3d 253, 271–72 (E.D.N.Y. 2017), aff'd, 763 F. App'x 27 (2d Cir. 2019) ("Absent a showing that the pretrial rulings greatly prejudiced [defendant] so as to give rise to a concern that an innocent person may have been convicted. . . [the defendant] may not use Rule 33

as a vehicle to relitigate pretrial rulings with which he disagrees.") (quotations omitted). Because Defendant has failed to raise any concern in the Court's mind that "an innocent person may have been convicted" and has instead simply re-stated his previously argued and decided pre-trial motions, the Court will not grant Defendant a new trial under Rule 33.

## III.    CONCLUSION

For the foregoing reasons, Defendant has failed to persuade the Court that he is entitled to a judgment of acquittal under Federal Rule of Criminal Procedure 29 or to a new trial under Federal Rule of Criminal Procedure 33.

*        *        *

For these reasons,

**IT IS** on this 10th of March, 2026

**ORDERED** that Defendant's post-trial motions, (Dkt. No. 60), are **DENIED**.

_s/ Stanley R. Chesler_
STANLEY R. CHESLER, U.S.D.J.